# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 5:17-po-00384 JLT |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO AMEND THE CONDITIONS OF PROBATION |
| v. | (Doc. 34) |
| RICHARD ASHLEY, | |
| Defendants. | |

The government and the defendant entered into an agreement by which Mr. Ashley would agree to pay $250 fine and a $30 processing fee in this case and the companion one, case number 5:17-po-00383 JLT. (Doc. 26) The parties agreed the defendant would pay $17.50 per month in each case until the full amount outstanding was paid. Id. The Court accepted the agreement and issued an order to pay. (Doc. 27) Mr. Ashley never complied with the agreement.

Mr. Ashley immediately paid $100 in each case (Doc. 30; Case no. 5:17-po-00383: Doc. 22) toward the amount outstanding balance. His second payment was due on September 15, but he did not pay it. (Doc. 31; Case no. 5:17-po-00383: Doc. 23) Now he reports that he was in a car accident at the end of September which imposed unanticipated costs so he did not pay the $17.50 due in either case (Doc. 34-1 at 1; Case no. 5:17-po-00383: Doc. 26-1 at 1). He offers no explanation for his failure to make the September payment though, impliedly, he takes the position that because he paid $100 in July, he was not obligated to make any payments until December. (Doc. 30; Case no. 5:17-po-00383:

1

Doc. 22) There is nothing in his agreement that allows this interpretation and he has offered nothing to show that his position is correct. Clearly, that was not the position of the government given his payment account has been in delinquent status since September 17, 2018. (Doc. 31; Case no. 5:17-po-00383: Doc. 23)

In any event, Mr. Ashley now seeks to modify the terms of his probation to excuse him from making monthly payments and requiring a lump sum payment due no later than one week before his status hearing in December 2019. The Court **DENIES** this request for many reasons.

First, as set forth above, he has never complied with the terms of probation he negotiated. Second, he has failed to support his claims related to his car accident with admissible evidence detailing the events. For example, he does not provide a police report or evidence that his medical care or property damage was not covered by insurance or, if it was not, how much he has had to pay out his own pocket that has not or will not be reimbursed. He fails to demonstrate whether the damage to the vehicle impacted its ability to be driven or whether the vehicle suffered only body damage. He fails to explain why the vehicle needed to be repaired now rather than delaying this cost until after his court fines and fees were paid. He fails to explain how he paid of the costs he describes in his declaration despite his income.[1] Finally, he fails to document the monthly income he and his wife receive or his current monthly expenses. Thus, his request to amend the terms of his probation is **DENIED**.

IT IS SO ORDERED.

Dated: **January 16, 2019**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

---

[1] Seemingly, he has taken the position in the past that he could not afford to pay the full amount of $560 in a lump sum and yet, purportedly has paid thousands of dollars toward addressing the damage from the car accident.

2